# CASES IN CHANCERY

## DELAWARE

JOSIAH O. WOLCOTT, Attorney General of the State of Delaware,
at and by the relation of THE TAXPAYERS' LEAGUE, INCOR-
PORATED,

*vs.*

THE MAYOR AND COUNCIL OF WILMINGTON; THE COUNCIL of
.the said The Mayor and Council of Wilmington; HARRI-
SON W. HOWELL, Mayor of the said City of Wilmington;
SAMUEL C. BIDDLE, Auditor of the said City of Wilming-
ton; JAMES F. PRICE, Treasurer of the said City of Wil-
mington; WILLIAM E. JOHNSON, Building Inspector for
the said City of Wilmington; WILLIAM P. WHITE, President
of the said Council; JACOB ZIMMERMANN; WILLIAM H.
COOK, JOHN L. McGOLDRICK, JAMES KANE, OSCAR C.
DRAPER, JOHN O. HOPKINS, WELLER E. STOVER, BURTON
S. HEAL, GEORGE E. GRANTLAND, JOHN J. HANEY, JOSEPH
L. McDERMOTT and ALBERT N. WILLIAMS, members of
the said Council; CLARENCE M. DILLON, Clerk of the said
Council; the said WILLIAM P. WHITE, WELLER E. STOVER
and WILLIAM E. JOHNSON, constituting the Board of
Assessment, Revision and Appeals for the said City of
Wilmington; and THE UNION NATIONAL BANK.

*New Castle, May* 18, 1915.

Where the only defendant who had answered did not join in a motion
to strike from the record an amendment to an information by the Attorney

General, which was in the nature of a bill in equity, and such amendment did not affect that defendant, the other defendants, who had notice of the motion to amend and did not appear, cannot have the amendment stricken from the record on the ground that it set up.matters occurring after the filing of the bill, which should have been presented by supplemental bill.

Matters arising subsequent to the institution of the suit may before answer be added by amendment to the bill, as well as by supplemental bill.

MOTION TO STRIKE FROM THE RECORD an amendment to the Information, which was in the nature of a new Information. The facts, in addition to those appearing in the report of the case 10 *Del. Ch.* 384, 93 *Atl.* 364, are stated in the opinion of the Chancellor. See also *post p.* 15, 95 *Atl.* 303.

*Robert Adair*, for the relator.

*Daniel O. Hastings*, City Solicitor, for the defendants other than The Union National Bank.

*Saulsbury, Morris and Rodney*, for The Union National Bank, did not participate in the argument.

THE CHANCELLOR. The original information sought, in general, to enjoin the payment of money, by a municipal corporation acting pursuant to an ordinance, irregularly enacted. After the bill was filed, and before the order of the Chancellor restraining the payment had been actually served, the money was paid. Later an Act of the General Assembly was passed purporting to validate the ordinance.

After reasonable notice by the solicitor for the relator to the solicitor for the moving defendants of an intention to ask for leave to file these particular amendments to the bill, and before answer filed by the defendants, except The Union National Bank, leave was granted, the solicitor for the moving defendants not appearing to the notice. The amendments set up the above new facts and claimed that the Act was unconstitutional. A prayer was added requiring a refunding of the money to the bank so that the *status quo* prior to the filing of the bill be maintained.

Without discussing the general rule that new matter, meaning thereby matters which have occurred since the filing of the bill, should be brought into the case by supplemental bill and not by an amendment thereto, it is sufficient to state that the motion as made will be denied.   The defendants had opportunity to do so before the filing of it, and cannot by motion to strike out obtain what he did not ask for when opportunity was afforded.   It is also stated by an author of repute, that before answer filed such new matter may be put in by amendment.   *Story's Equity Pleading*, §885.   Here the defendant which has answered, viz., the bank, is not in any way affected by the new matter injuriously.   It alleged payment of a check drawn regularly on the city funds in its hands, and the amendments and amended prayers seek to have restored to the bank the money so withdrawn by the check which it was alleged was irregularly issued, even if regular in form.   Clearly the bank is not affected by the new matter.   Indeed, the bill might, perhaps, be dismissed as to it, in view of the new facts.

The general rule excluding amendments as to new matter has been abolished elsewhere, and it is a rule technical in character in any view and of little service to litigants.   According to Lord Redesdale, the practice of introducing by supplemental bill matters arising subsequent to the institution of the suit, was established to preserve order in the pleadings and for the convenience of the defendant.   *Redesdale on Pleading* (4th Ed.) 207.   This was quoted in *Wray v. Hutchinson*, 2 *Myl. & K*. 236.   If the defendant has not answered no injury can be done him by such amendments, and he is not inconvenienced thereby.   It is, therefore, a reasonable exception to the general rule, and such amendments should be allowed before answer, rather than apply an ancient technical rule discarded elsewhere as obstructive to speedy justice for no good purpose.

For both reasons the motion is refused.   An order will be made fixing the time within which the defendants who have not answered shall plead, answer or demur to the bill as amended.